IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SMITH, | : CIVIL ACTION NO. 1:24-CV-192 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| CAPTAIN KASAKOWSKI, | : |
| Defendant | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, John Smith, a prisoner incarcerated in Huntingdon State Correctional Institution ("SCI-Huntingdon") who was incarcerated in Waymart State Correctional Institution ("SCI-Waymart") at all relevant times, alleges that defendant Kasakowski, a security captain in SCI-Waymart and the sole defendant in this action, violated his constitutional rights to free speech, equal protection, and due process and committed negligence under state law by ordering him not to send letters through the prison's institutional mail system. Kasakowski has moved to dismiss. The motion will be granted, and Smith will be granted leave to file an amended complaint limited to his equal protection and due process claims.

**I.    Factual Background & Procedural History**

Smith first filed suit asserting his claims against Kasakowski on March 7, 2023, in a case docketed at Smith v. Kasakowski, No. 1:23-CV-403, Doc. 1 (M.D. Pa. filed Mar. 7, 2023) (Conner, J.). The court dismissed the complaint as maliciously filed pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) on May 26, 2023. Id., Docs. 15-16. On

August 25, 2023, the court granted in part Smith's motion to alter or amend the judgment and noted that the dismissal was without prejudice to the filing of a paid complaint asserting the same allegations. Id., Doc. 27. After plaintiff improperly attempted to file a paid complaint under the same docket number, the court issued an order on February 1, 2024, directing the Clerk of Court to docket the paid complaint as a new case. Id., Doc. 42. The Clerk of Court docketed the paid complaint under the above caption later that day. (Doc. 2).

According to the complaint, Kasakowski called Smith to his office on February 28, 2023, and ordered Smith to stop sending letters through the prison's institutional mail system. (Doc. 2 at 4). Smith alleges that this action violated his First Amendment right to free speech, his right to due process under the Fifth and Fourteenth Amendments, and his Fourteenth Amendment right to equal protection. (Id. at 3). Smith also asserts a negligence claim against Kasakowski. (Id.) He seeks damages, injunctive relief, and declaratory relief. (Id. at 5).

Kasakowski moved to dismiss the complaint on February 14, 2024. (Doc. 8). After the court granted him several extensions of time, Smith filed a brief in opposition to the motion on August 16, 2024. (Doc. 33). Kasakowski did not file a reply brief, and the deadline for doing so has expired under the Local Rules. The motion is ripe for review.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the

2

court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

3

U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Smith brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Kasakowski's motion to dismiss argues that (1) Smith's Fifth Amendment due process claim fails as a matter of law because the Fifth Amendment's Due Process Clause only applies to the federal government and does not apply to the

4

states;[1] (2) Smith fails to state an equal protection claim upon which relief may be granted; (3) the First Amendment claim should be dismissed for failure to state a claim and because Kasakowski is entitled to qualified immunity from the claim; (4) Smith's official capacity claims against Kasakowski are barred by sovereign immunity; (5) Smith's request for equitable relief is moot; (6) Smith is barred from recovering compensatory damages; and (7) Smith is barred from recovering punitive damages.  (Doc. 9).

### A. First Amendment

We will first address Kasakowski's argument that he is entitled to qualified immunity from Smith's First Amendment claim.  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id.  It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).  "Thus, so long as an official reasonably believes that his conduct complies with the law,

---

[1] Defendants do not advance any arguments for dismissal of the Fourteenth Amendment due process claim.

qualified immunity will shield that official from liability." Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012) (citing Pearson, 555 U.S. at 244).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated, and (2) whether that right was "clearly established." Pearson, 556 U.S. at 232. These prongs may be considered in either order. Id. at 236. A right is clearly established for purposes of the qualified immunity analysis if established Supreme Court or Third Circuit precedent "would have put government officials on fair notice that their conduct violated the plaintiff's rights" at the time of the alleged violation. Montemuro v, Jim Thorpe Area Sch. Dist., 99 F.4th 639, 645 (3d Cir. 2024). Qualified immunity is an affirmative defense that must be pleaded and proven by the defendant asserting it. Halsey v. Pfeiffer, 750 F.3d 273, 288 (3d Cir. 2014).

We conclude that Kasakowski is entitled to qualified immunity from Smith's First Amendment claim. The claim is based on a violation of his First Amendment right to mail letters through the prison's institutional mail system rather than the standard mail system. (See Doc. 1). But at the time of the alleged violation, there was no clearly established First Amendment right for prison inmates to send letters through a prison's institutional mail system.

The only case we have found from the Supreme Court or our court of appeals that discusses an inmate's right to send letters through a prison's institutional mail system is Iwanicki v. Pa. Dep't of Corrs., 582 F. App'x 75, 79 (3d Cir. 2014) (nonprecedential). In that case, the prisoner plaintiff sent a letter to a paralegal in the DOC's office of chief counsel using an interlibrary loan envelope rather than

6

sending the letter through the postal system.  Id. at 77-78.  Because he did not have authorization to use the interlibrary loan system for this purpose, he was charged with, and convicted of, misconduct.  Id. at 78.  The plaintiff filed a Section 1983 civil rights lawsuit, alleging primarily that the misconduct conviction and resulting sanctions constituted retaliation for him exercising his First Amendment rights.  Id.  The district court dismissed the complaint, and our court of appeals affirmed.  Id. at 82.  The court noted that it was "questionable whether the correspondence at issue" was "constitutionally protected," and concluded that "[t]o the extent that the complaint can be read to make a free speech claim based on the right to use the mail, and to the extent the right can be asserted under the circumstances here" the plaintiff still had not pleaded a constitutional violation because "a single instance of interference with mail is usually insufficient to constitute a First Amendment violation."  Id. at 79.

A single nonprecedential opinion from our court of appeals concluding that it is "questionable" whether inmates have a First Amendment right to mail letters through a prison's institutional mail system is not sufficient to show that such a right is clearly established.  We do not read Iwanicki as recognizing an inmate's First Amendment right to use a prison's institutional mail system, but even if it did, it would not be sufficient for the right to be deemed clearly established because it is a nonprecedential decision.  Nonprecedential decisions "cannot establish a right" for purposes of a qualified immunity analysis.  El v. City of Pittsburgh, 975 F.3d 327,

7

340-41 (3d Cir. 2020).[2]  Hence, because the First Amendment right at issue in this case was not clearly established at the time of the alleged constitutional violation, we will dismiss Smith's First Amendment claim on the basis of qualified immunity.

**B.     Equal Protection**

The court agrees with Kasakowski that Smith's complaint fails to state an equal protection claim because he has not alleged that he was treated differently from other similarly situated individuals.  See, e.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (noting that class of one equal protection claim requires allegations that plaintiff was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").[3] Although Smith alleges that "no one else was given" an order not to send letters through the prison's institutional mail, he does not allege that any individuals attempted to send letters through the institutional mail or otherwise did anything that would necessitate such an order.  Absent these allegations, he has failed to allege that he was treated differently from other similarly situated individuals.

---

[2] Smith has not cited any Supreme Court or Third Circuit cases that clearly establish an inmate's First Amendment right to send letters through a prison's institutional mail system, but he asserts that it is "not entirely true" to "say that there is no case law" recognizing a "right to send letters via the institutional mail" because the court in Feliciano v. Dohman, No. 12-CV-4713, 2013 WL 1234225 (E.D. Pa. Mar. 26, 2013) purportedly recognized such a right.  This argument is meritless.  Only decisions from the Supreme Court or our court of appeals can clearly establish a right; a district court decision is not sufficient.  Montemuro, 99 F.4th at 645.

[3] The court liberally construes the complaint as asserting a "class-of-one" equal protection claim because Smith does not allege that he is a member of a protected class.

8

### C. Due Process

Smith's due process claim will also be dismissed for failure to state a claim. The court simply cannot discern from the amended complaint the factual basis of the due process clause or how Kasakowski is alleged to have violated Smith's right to due process under the Fourteenth Amendment.[4] The due process claim will accordingly be dismissed without prejudice to Smiths' right to amend the claim.

### D. Negligence

Smith's negligence claim will be dismissed based on sovereign immunity.[5] Pennsylvania law provides that Commonwealth employees acting within the scope of their employment are entitled to sovereign immunity from most state law tort claims. See 1 Pa.C.S. § 2310. With ten limited exceptions that do not apply here, see 42 Pa.C.S. § 8522, Commonwealth employees retain their sovereign immunity with respect to both intentional tort and negligence claims. See Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing Holt v. Nw. Pa. Training P'Ship Consortium, Inc., 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)).

---

[4] The claim fails as a matter of law to the extent that it is based on the Fifth Amendment because the Due Process Clause of the Fifth Amendment applies to the federal government, while due process claims against state governments are properly asserted pursuant to the Fourteenth Amendment. See, e.g., B.G. Constr. Co., Inc. v. Dir., Office of Worker's Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011). Although Kasakowski has not advanced any argument to dismiss the Fourteenth Amendment due process claim, the court may dismiss the claim *sua sponte* pursuant to its screening authority under 28 U.S.C. § 1915A.

[5] Kasakowski has not advanced any argument for dismissal of the negligence claim, but the court will dismiss it *sua sponte* pursuant to 28 U.S.C. § 1915A.

Kasakowski's alleged action of ordering Smith not to send letters through the prison's institutional mail system is clearly within the scope of his employment.  See Farmer v. Decker, 353 F. Supp. 3d 342, 350 (M.D. Pa. 2018) (noting that defendant's action is within the scope of his employment if (1) it is the kind of action that the employee is employed to perform; (2) it occurs substantially within the job's authorized time and space limits; and (3) it is motivated at least in part by a desire to serve the employer).  Hence, the negligence claim will be dismissed because Kasakowski is entitled to sovereign immunity from the claim.

### E.    Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  We will deny leave to amend as futile with respect to Smith's First Amendment, Fifth Amendment, and negligence claims because those claims fail as a matter of law.  We will grant leave to amend, however, with respect to Smith's Fourteenth Amendment due process and equal protection claims because those claims are factually, rather than legally, deficient.

### IV.   Conclusion

We will grant Kasakowski's motion to dismiss, dismiss Smith's First Amendment, Fifth Amendment, and negligence claims without further leave to

amend, dismiss Smith's Fourteenth Amendment claims without prejudice, and grant Smith leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 6, 2024